IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH ARDELL SMITH, SR.,

    Plaintiff,                              No. CIV S-11-2807 DAD P

    vs.

JONES, et al.,

    Defendants.                  ORDER

_____/

        Plaintiff is a former county jail inmate proceeding pro se. Plaintiff has filed a document construed as a civil rights complaint and an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        The determination that plaintiff may proceed in forma pauperis does not complete the inquiry required by the statutes. Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in forma pauperis case at any time if the plaintiff's allegations of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or

1

1  seeks monetary relief against an immune defendant.  To state a claim on which relief may be
2  granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its
3  face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is frivolous when it lacks
4  an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989);
5  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).
6         In considering whether a complaint states a cognizable claim, the court accepts as
7  true the material allegations in the complaint and construes the allegations in the light most
8  favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co.
9  v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245
10 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by
11 lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as
12 true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western
13 Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).
14         The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

18 Fed. R. Civ. P. 8(a).
19         The court find the allegations in plaintiff's complaint too vague and conclusory to
20 state a claim upon which relief can be granted.  Although the Federal Rules of Civil Procedure
21 adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's
22 claims and must allege facts that state the elements of each claim plainly and succinctly.  Fed. R.
23 Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A
24 pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of
25 action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of
26 'further factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)

1  (quoting Twombly, 550 U.S. at 555, 557.  A plaintiff must allege with at least some degree of
2  particularity overt acts which the defendants engaged in that support the plaintiff's claims.
3  Jones, 733 F.2d at 649.  A complaint must also contain "a short and plain statement of the
4  grounds for the court's jurisdiction" and "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(1)
5  & 8(a)(3).
6           Here, it appears that plaintiff is complaining about the conditions of the "attorney
7  booth" visiting area at a Sacramento County Jail where plaintiff allegedly attempted to meet and
8  talk with his attorney after his arrest on a parole violation.  (Doc. No. 1 at 2.)  Plaintiff contends
9  that the attorney visiting booth was "unclear, unclean" and that sheriff's staff were disrespectful
10 and subjected him to verbal abuse at the time of his attorney visit.  (Id.)  The court is uncertain,
11 however, whether these allegations are the actual basis of plaintiff's claims.  In addition, it is
12 unclear both who the defendants are in this action and the alleged nature of their involvement in
13 any claimed constitutional violation.  Accordingly, plaintiff's complaint will be dismissed with
14 leave to amend.
15          Plaintiff is also advised that he must name a proper defendant.  An action under
16 the Civil Rights Act provides as follows:

> Every person who, under color of [state law]    . . . subjects, or
> causes to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

20 42 U.S.C. § 1983.  The Sacramento Sheriff Department and the "Elk Grove Jail" are not a
21 "person" under the Civil Rights Act and are not proper defendants.
22          In his amended complaint, plaintiff must allege facts demonstrating how the
23 conditions complained of have resulted in a deprivation of his constitutional rights.  See Ellis v.
24 Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must name specific defendants and must
25 allege in specific terms how each named defendant is involved in the claimed constitutional
26 violation.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

1  or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423
2  U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588
3  F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official
4  participation in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266,
5  268 (9th Cir. 1982).

6        Plaintiff is informed that the court cannot refer to a prior pleading in order to
7  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
8  complaint be complete in itself without reference to any prior pleading.  This is because, as a
9  general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375
10 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
11 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
12 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

13       Accordingly, IT IS HEREBY ORDERED that:

14       1. Plaintiff's October 24, 2011 application to proceed in forma apuperis (Doc.
15 No. 2) is granted.

16       2. The complaint filed October 24, 2011 (Doc. No. 1) is dismissed with leave to
17 amend.

18       3. Plaintiff is granted thirty days from the date of this order in which to file an
19 amended complaint; the amended complaint must cure the defects noted in this order and comply
20 with the Federal Rules of Civil Procedure and the Local Rules of Practice.  The amended
21 complaint must bear the case number assigned to this action and must be titled "Amended
22 Complaint;" plaintiff must use the form complaint provided by the court and answer each
23 question;

24       4. The Clerk of the Court is directed to provide plaintiff with the form complaint
25 for a § 1983 action.

26 /////

1    5.  Failure to comply with this order in a timely manner may result in a
recommendation that this action be dismissed.

DATED: March 28, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
smit2807.lta